IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**DYLAN SYDORIAK**

    **Plaintiff,**

v.                                    Civil Action No:

                                        Judge

**GATEWAY SERVICES, INC. d/b/a
PET ANGEL MEMORIAL CENTER,**

    **Defendant.**                    **(Jury Trial Requested)**

## COMPLAINT

John Reece, an employee of Defendant Gateway Services, Inc. d/b/a Pet Angel Memorial Center ("Pet Angel"), sexually harassed Plaintiff Dylan Sydoriak ("Ms. Sydoriak") when he threatened and intimidated her after she ended their brief romantic relationship and began rejecting his romantic advances. Ms. Sydoriak reported the harassing and threatening behavior to Human Resources, who removed her to a different position, eliminating her opportunity to earn overtime wages. Pet Angel did not timely investigate or respond to Plaintiff's complaints of sex harassment. As a result of the harassment and discrimination and Pet Angel's inadequate and ineffective response, Ms. Sydoriak was constructively discharged. As such, Ms. Sydoriak files this Complaint of sexual harassment and retaliation in violation of the Tennessee Human Rights Act ("THRA"), Title VII of the Civil Rights Act of 196 ("Title VII"), and Tennessee common law.

## PARTIES

1. Plaintiff, Dylan Sydoriak ("Ms. Sydoriak"), a female, is a former employee of Defendant and worked in its Nashville location.

1

2. Defendant Gateway Services, Inc. d/b/a Pet Angel Memorial Center ("Pet Angel") is a Delaware Limited Liability Company licensed to transact business in the State of Tennessee. Defendant is an employer within the meaning of Title VII and THRA. Defendant's registered agent for service of process is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

3. This is an action for declaratory and monetary relief caused by Defendant's violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Tennessee Human Rights Act ("THRA"), and state common law.

4. This Court has jurisdiction over this action because the actions complained of occurred in the Middle District of Tennessee, specifically Davidson County.

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. §§ 2000e *et. seq.*, to wit: a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue for the Charge and this action was commenced within 90 days of receipt of Notice of Right to Sue.

## FACTS

7. Plaintiff Dylan Sydoriak was employed by Gateway Services, Inc. d/b/a/ Pet Angel Memorial Center ("Pet Angel"), located at 744 Freeland Station Rd, Nashville, Tennessee 37208, from February 1, 2022, to December 13, 2022.

8. For the entirety of her employment, the Plaintiff's job title was Operations Representative.

9. The job duties of an Operations Representative include packaging cremated animal remains, capturing paw prints, collecting fur clippings, and processing memorialization items based on the production needs on a given day.

10. In April 2022, Plaintiff and her coworker, John Reece engaged in a brief romantic relationship.

11. Pet Angel has no written policy prohibiting co-worker relationships.

12. Ms. Sydoriak's direct supervisor, Jeff Belcher, was aware that she and Mr. Reece were romantically involved.

13. Ms. Sydoriak's relationship with Mr. Reece ended shortly after it began.

14. After the relationship ended, Mr. Reece became physically aggressive and intimidating towards Plaintiff at work due to her rejections of his romantic demands.

15. During one instance in the summer of 2022, Plaintiff reported to Mr. Belcher that Mr. Reece had confronted her as he was arriving to work and called her a "fucking bitch." These sex-based comments continued and escalated.

16. On multiple occasions, from August 4 to September 12, 2022, Mr. Reece wrote threatening messages on the company whiteboard about Plaintiff. These messages were visible to all employees at Pet Angel, including managers.

17. Plaintiff reported the incidents of sex harassment to Mr. Belcher who dismissed her complaints and did not attempt to ameliorate the situation.

18. Mr. Belcher dissuaded Plaintiff from reporting the harassment to Pet Angel's Human Resources ("HR") department, telling her that going to HR would not be helpful and that reporting the harassment could cause her to lose her job.

19. Mr. Reece's harassment of Plaintiff escalated in the late summer of 2022.

20. On August 29, 2022, Mr. Reece sent Plaintiff messages over social media, displaying aggression towards Plaintiff and the person she was dating at the time. Reece stated, "Fuck you and him. Hope yall fall off the fucking cliff" and "…tell him if I see him it's on sight. Lying bitch." He also stated, "…if I ever see him he will get his jaw broke," and "Can't turn a hoe into a housewife."

21. On September 9, 2022, Mr. Reece again sent Plaintiff threatening messages over social media, stating, "No wonder your ex cheated on you and beat your ass. Fucking hoe." And "…I literally fucking hate you and hope you die."

22. Plaintiff responded by urging Mr. Reece not to contact her again and telling him that she intended to proceed with legal charges should the harassment continue.

23. On September 13, 2022, four days after Plaintiff urged Mr. Reece not to contact her, Mr. Reece sent Plaintiff a screenshot of a photo of Plaintiff and her partner at the time. Mr. Reece mentioned that he is not afraid to go to jail or die, and stated, "when are you going to find another job...it's time for you to go," scaring Plaintiff to believe she and her significant other were at risk for physical harm.

24. Plaintiff attempted to block Mr. Reece on Facebook Messenger, but he proceeded to reach out via Instagram with further harassment, including sex-based harassment.

25. On October 3, 2022, Plaintiff's friend, Zachery Weatherford, visited her while she was at work to give her a gift.

26. Mr. Weatherford approached Mr. Reece and confronted him regarding his treatment of Plaintiff. Subsequently, Mr. Reece and Mr. Weatherford began to argue.

27. At one point in their verbal altercation, Mr. Reece looked at Plaintiff and said, "I wish I had my gun here."

28. Following this statement, Plaintiff immediately left the property in her personal vehicle.

29. Mr. Reece then drove the company van off Pet Angel's property and followed Plaintiff.

30. Mr. Reece drove into the oncoming lane, positioned his vehicle adjacent to hers, and merged, attempting to run her off the road as she passed the nearby Metro Center Complex on Mainstream Drive.

31. Mr. Reece then drove alongside Ms. Sydoriak's car and threatened to shoot Ms. Sydoriak and Mr. Weatherford.

32. That same day, October 3, 2022, Ms. Sydoriak filed an Order of Protection against Mr. Reece. The order was granted.

33. Included in the protective order is language that orders Mr. Reece not to contact Ms. Sydoriak, to stay away from Ms. Sydoriak and her workplace, and not to cause any intentional damage to Ms. Sydoriak's personal property or home.

34. The same day, Ms. Sydoriak reported Mr. Reece's behavior to HR and informed them of the protective order filed against Reece.

35. In response to her complaint, HR's only course of action was moving Ms. Sydoriak from her office to the crematorium, which had a different schedule than Mr. Reece's. The new

position was less desirable than her office position and did not include an opportunity to earn overtime wages.

36. HR told Ms. Sydoriak that if Mr. Reece were to approach her in the crematorium, it would be her responsibility to leave.

37. HR's investigation ended after a month and a half. Ms. Sydoriak was not restored to her original position and Mr. Reece was not terminated at that time.

38. Ms. Sydoriak's new schedule went into effect on October 6, 2022.

39. On October 15, 2022, while working in the crematorium, Ms. Sydoriak noticed Mr. Reece's van parked outside.

40. Ms. Sydoriak did not know where Mr. Reece was located or if he would be coming to pick up his van. Fearing for her physical safety, Ms. Sydoriak called her manager to ask if she could leave early so that she would not be there alone when Mr. Reece came back. When her manager failed to respond, Ms. Sydoriak left early. As a punishment for leaving work early, Ms. Sydoriak was written up.

41. Ms. Sydoriak continued to feel unsafe, unprotected, and harassed by Mr. Reece, while Pet Angel failed to provide any recourse or protection.

42. Due to the ongoing sexual harassment, the threats of physical violence, and Defendant's failure to ensure a safe working environment for its employees, Ms. Sydoriak was forced to resign on December 12, 2022.

## COUNT I
### Violation of Title VII – Sex Harassment

43. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

44. Plaintiff was subjected to a hostile work environment in Defendant's workplace because of her sex, female.

45. Plaintiff reported and/or protested incidents of harassment to management. Defendant failed to timely investigate or effectively respond to Plaintiff's complaints of harassment. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

46. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT II
## Violation of Title VII - Retaliation

47. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

48. It is the public policy and federal law that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

49. Plaintiff objected to and protested sex discrimination and harassment in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964.

50. In violation of Title VII, Defendant continued to perpetuate a hostile work environment, failed to timely investigate Plaintiff's complaints of sexual harassment and violence in the workplace, transferred Plaintiff to a less desirable position with less earning opportunity, and gave Plaintiff a disciplinary action for removing herself from the hostile work environment, and eventually constructively discharged in retaliation for exercising her right to engage in protected activity by reporting sex harassment.

51. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT III
### Violation of THRA – Sex Harassment

52. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

53. Plaintiff was subjected to a hostile work environment on the basis of sex in Defendant's workplace because of her sex, female.

54. Plaintiff reported and/or protested incidents of harassment to her supervisor and to Human Resources. Defendant failed to timely investigate or effectively respond to Plaintiff's complaints of harassment. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

55. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and at times, lost earnings and benefits.

## COUNT IV
### Violation of THRA – Retaliation

56. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

57. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

58. Plaintiff objected to and protested sex harassment in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

59. Plaintiff reported and/or protested incidents of harassment by her coworker to her supervisor and to Human Resources. As a result, Plaintiff was removed from her position to a less desirable position, eliminating her opportunity to earn overtime wages.

60. After Plaintiff complained of sexual harassment in the workplace, she received a disciplinary action for removing herself from the unsafe work environment.

61. Defendant's failure to timely investigate and effectively respond to Plaintiff's complaints of sexual harassment resulted in Plaintiff's constructive discharge.

62. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT V
## Intentional Infliction of Emotional Distress

63. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

64. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The sexual harassment of Plaintiff and violence directed at Plaintiff by Defendant's employee was intentional or reckless, outrageous, not conduct tolerated in our society, which were intended to and did cause serious physical and mental injury.

65. The workplace harassment and Defendant's managers willful refusal take any action to prevent or stop sexual harassment and assault inflicted severe emotional distress on Plaintiff.

66. Defendant intended to cause emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

67. Defendant's intentional conduct caused Plaintiff severe emotional distress.

## COUNT VI

### Negligent Infliction of Emotional Distress

68. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

69. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The sexual harassment and assault of Plaintiff was negligent, reckless, outrageous, not conduct tolerated in our society, and without regard for Plaintiff and did cause serious injury.

70. The workplace harassment and Defendant's managers refusal take any action to prevent or stop the sexual harassment and assault inflicted severe emotional distress on Plaintiff including physical injury.

71. Defendant negligently caused emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

72. Defendant's conduct caused Plaintiff severe emotional distress.

### COUNT VII
### Negligent Supervision/Retention

73. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

74. Defendant was aware that its employee was engaging in sexual harassment and creating a hostile work environment, and violently threatening other staff members.

75. Defendant was aware that its employee engaging in unwanted sexual harassment and violent threats toward Plaintiff.

76. Defendant refused to take any remedial action to cure the harassing conditions.

77. Defendant negligently supervised and retained its employee in employment and allowed him to continue harassing Plaintiff.

78. Defendant's actions negligently engaged in conduct that was extreme and outrageous conduct toward Plaintiff. The conduct was negligent, reckless, outrageous, not conduct tolerated in our society, and without regard for and did cause serious mental injury.

## Count VIII
### Negligence

79. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

80. Defendant owed a duty of care to Plaintiff to provide a workplace free from violence or known threats of violence under T.C.A. 20-14-101 et. seq.

81. Defendant was aware that its employee was engaging in violent threats toward Plaintiff.

82. Defendant failed to take adequate steps to stop the violence and in fact allowed the violent employee, Reece to continue his campaign of harassment toward Plaintiff.

83. Defendant's actions were negligent and caused injury to Plaintiff.

### PRAYER FOR RELIEF & JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. Declaratory Relief;

B. Monetary award of damages for Back Pay and Front Pay and any actual damages incurred by Plaintiff;

C. Pre- and post-judgment interest;

D. Compensatory Damages;

E. Attorney's fees and costs, and expenses of the action;

F. Punitive Damages

G. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

H. A jury trial.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*